IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JESUS MELENDEZ-MARTINEZ a.k.a. JAVIER AGUILAR RODRIGUEZ-GONZALEZ,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | **MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 PETITION**<br><br>Case No. 1:07-cv-00090-TC |

On June 28, 2007, federal prisoner Jesus Melendez-Martinez filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. He seeks a court order modifying the sentence he received after pleading guilty in United States v. Javier Aguilar Rodriguez-Gonzales, Case No. 1:02-CR-00102 (D. Utah).[1]

In his Motion, Mr. Melendez-Martinez challenges his sentence of 127 months incarceration followed by 60 months of supervised release. He lists four arguments in support of his motion but examination of these arguments shows that Mr. Melendez has only two claims: that he received ineffective assistance of counsel because the court denied his motion to suppress evidence and his guilty plea was not knowing and voluntary. But because Mr. Melendez-

---

[1] Mr. Melendez-Martinez was charged in the indictment under the name "Javier Aguilar Rodriguez-Gonzales." The court later was informed of Mr. Melendez-Martinez's true name and ordered that pleadings in the case be amended accordingly.

Martinez waived his right to collaterally attack his sentence under § 2255, his Motion is DENIED.

**PROCEDURAL BACKGROUND**

Mr. Melendez-Martinez entered an unconditional guilty plea in 2003 to one count of possession with intent to distribute more than five grams of methamphetamine and one count of possession of a firearm by an unlawful user of a controlled substance. Mr. Melendez-Martinez appealed his conviction claiming that his plea was not knowing and voluntary because his attorney had told him that he could challenge the denial of his motion to suppress on appeal. Mr. Melendez-Martinez also argued that the sentencing court had denied him the right of allocution at sentencing. The Tenth Circuit agreed and remanded the case for further proceedings. See United States v. Rodriguez-Gonzales, 386 F.3d 951 (10th Cir. 2004).

On remand, Mr. Melendez-Martinez again entered an unconditional guilty plea to the same two counts. Again he appealed his conviction to the Tenth Circuit, claiming that the district court erred in denying his motion to suppress, that his plea was not knowing and voluntary, and that the district court abused its discretion in imposing a sentence of 127 months. See United States v. Jesus Melendez-Martinez, No. 05-4285 (10th Cir. Jun. 12, 2006).

The Tenth Circuit rejected Mr. Melendez-Martinez's arguments and affirmed his conviction. Significant to Mr. Melendez-Martinez's present motion, the court noted, in considering Mr. Melendez's contention that his plea was not knowing and voluntary, that "[a] review of both the Statement by Defendant in Advance of Plea of Guilty and the transcript of the plea hearing clearly indicates that the plea was knowing and voluntary. . . .The district court conducted a thorough inquiry at the plea hearing to ensure that the defendant's guilty plea was voluntary and knowing." (Id. at 4.)

**ANALYSIS**

In his Statement in Advance of Plea of Guilty, Mr. Melendez-Martinez agreed to the following:

> I . . . knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Statement by Def. in Advance of Plea of Guilty ¶ 10.)

Such a waiver is enforceable as a matter of law. See, e.g., United States v. Cockerham, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (holding that express waiver of § 2255 rights in plea agreement is enforceable when petitioner is challenging the sentence and the plea and waiver were knowingly and voluntarily made); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective assistance of counsel regarding the plea agreement). For several reasons, the court finds that Mr. Melendez-Martinez's waiver is valid.

First, as noted, the Tenth Circuit has held that Mr. Melendez-Martinez's plea was knowing and voluntary. Second, examination of the evidence shows that Mr. Melendez-Martinez voluntarily, knowingly and intelligently entered into the plea agreement with the United States. In his Statement in Advance of Plea of Guilty, Mr. Melendez-Martinez acknowledged that his decision to enter his plea of guilty "was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea." (Stmt. Def. Adv. Plea Guilty at 7.) More importantly, at the change of plea hearing, the court took great care to ensure that Mr. Melendez-Martinez understood his plea agreement and that, in his plea agreement, he was giving up his right to

appeal his sentence and his right to collaterally challenge his sentence.  (Change of Plea Tr. 15-16, Aug. 9, 2005.)

    For the above reasons, Mr. Jesus Melendez-Martinez's Motion is DENIED.

                                BY THE COURT:

                                TENA CAMPBELL